IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 23 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02180-BNB

WADE W. SLAUGHTER,

    Plaintiff,

v.

WARDEN RIOS,
ASSOCIATE JONE'S [sic],
TEAM BB UNIT CONSILOR'S [sic], and
ALL GAURD'S [sic] AT USP FLORENCE INVOLVED,

    Defendants.

---

ORDER TO AMEND AND TO SHOW CAUSE

---

Plaintiff Wade W. Slaughter is in the custody of the United States Bureau of Prisons (BOP) and is incarcerated at USP Florence. Mr. Slaughter has filed a *pro se* Prisoner Complaint, in which he asserts claims pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971).

The Court must construe the Complaint liberally, because Mr. Slaughter is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Slaughter will be ordered to amend the Complaint and assert personal participation by named Defendants and to show cause why the Complaint should not be dismissed for failure to exhaust BOP administrative remedies.

In the Complaint, Plaintiff sets forth three claims alleging that he has been placed in lock down for twenty-two months without reason, that his life has been endangered several times during the twenty-two months, that he has been denied a transfer on three occasions, and that his personal property has been destroyed by the guards. As relief, Plaintiff seeks a transfer into regular population. He also asserts that he has not exhausted his administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Mr. Slaughter is a prisoner confined in a correctional facility and the claims he raises in this action concerning his lock down, endangerment of his life, the denial of a transfer, and destruction of his property relate to prison conditions. He, therefore, must exhaust the available administrative remedies.

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Slaughter must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Also, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Slaughter has failed to exhaust administrative remedies for any one of his claims,

the entire complaint must be dismissed. Therefore, Mr. Slaughter will be directed to show cause why the Complaint and action should not be dismissed for failure to exhaust.

Plaintiff also will be directed to amend the Complaint and assert how each Defendant is personally responsible for any of the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that a defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Accordingly, it is

ORDERED that Mr. Slaughter file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order and that states what each Defendant did to violate his constitutional rights. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Mr. Slaughter, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Slaughter shall submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that Plaintiff shall also respond and show cause **within thirty days from the date of this Order** why the Complaint should not be dismissed for failure to exhaust the BOP's administrative remedies. It is

FURTHER ORDERED that if Mr. Slaughter fails to file an Amended Complaint and to respond and show cause, **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 20th day of January, 2006.

BY THE COURT:

_/s/ Boyd N. Boland_
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02180-BNB

Wade Slaughter
Reg. No. 10593-081
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/23/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk